May it please the Court, this is a separate question regarding the sentencing judge's actions and whether there is discretion for the sentencing judge to basically have another full re-sentencing or whether an amendment of the amendment is sufficient. It's a simple question of statutory construction. 2255 says shall vacate the sentence, the judgment, and re-sentence is one of the four options that's given and that's basically the option we were asking for. The Another option is or correct the sentence as may appear appropriate. Yes, but first you have to vacate the sentence. And if you vacate the judgment, I'm sorry, vacate the judgment. If you vacate the judgment, I don't believe the correcting of the sentence or amending the judgment is available any longer because you would be in effect re-imposing. Read the phrase out of the statute. What the statute says starts with the language you like to point to. The court shall vacate and set the judgment aside and then gives alternatives. Yes. Shall discharge the prisoner or re-sentence him or grant a new trial or correct the sentence as may appear appropriate. Yes. Correct the sentence is plainly one of the alternatives the statute sets out. And it would be available after the sentence, the judgment was vacated. That would be one of the options in a normal case. This is an abnormal case for two reasons. First of all, the re-imposition of the judgment with a correction after it's been vacated would constitute a sentence in violation of Booker, the Sixth Amendment case of Booker. Second, it would be a violation of Tucker, the requirement that there not be any false statements because now it would be re-imposed after we know that the boot camp is not available when that was a predicate for the initial sentence. It also implicates the rights of effective assistance of counsel and fair consideration for cooperation since basically the judgment would be going through with the consideration and the advice of counsel premised on a false not fact of the existence of this sentence reduction program. So it is a technical reading and a close reading of the statute that we're saying first vacate. Once you've vacated, correcting is no longer available because by re-imposing. That can't be the case. I really don't think it can be the case. You may say in this particular situation it can be. Yes. But to say broadly that once you vacate you can't correct the sentence, the statute specifically provides for that. So I want to make sure I understand what you're getting to here. You point to Booker and certainly Booker is an intervening development we have to take account of. You point to, I guess it's Tucker, and the doing away with the boot camp program. I'm not quite so sure I understand how that applies given that when the case came back and the sentence was corrected, the boot camp issue was at least out there and the court was not unconscious of it. First I want to make sure that I'm very clear that I'm not saying that there are not cases and probably the run of the mill case it would be available if there wasn't some sort of intervening problem. Here we have a number of intervening problems. So I'm saying that under this specific case the only option is a resentencing under Matthews and Handa. Handa that incorporated Matthews is saying you have a full resentencing when there's a problem. The court under some circumstances could simply after vacating it correct it. But here if they vacated it and then said okay now I'm going to file a corrected judgment after having vacated, that would in effect reimpose that 30 months with no Sixth Amendment findings on the enhancements with the now knowing that boot camp's not available and the other constitutional impediments. That's why we were trying to say judge please follow the Oakland versus cannabis which basically says you have to follow the statutory directive instead of using general equitable power in handling this type of situation. So all we're asking for from the court is to say if you follow the dots in the statute in this particular case it gets you to full resentencing rather than a correction. Let's trace the dots then. Start with Booker. Now I don't think there's, is there a specific Booker problem here? We have a guilty plea. We don't have a sentence that's being calculated based on some factual finding. Booker applies to more than just cases that go to jury trial. But I'm not sure that there's a specific Sixth Amendment problem here. There's a non-constitutional problem in that Booker has now excised the mandatory element in the sentencing guidelines so that in our court we've got cases that say it amounts to the same thing. You get to the benefit of the Booker decision, the advisory guidelines, even if there doesn't happen to be a specific Sixth Amendment problem in your case. But I don't think there is a Sixth Amendment problem here and if that makes a difference. I think it does. What is it? What was not found? The same thing. In any pre-Booker case, they do the guideline calculations. And if there is not a, if there hasn't been a prior to Booker, if there hasn't been, it was treated as a mandatory guideline and there was no Sixth Amendment finding. There was no finding beyond a reasonable doubt. You don't need it here because there was a guilty plea. What finding is there that's at issue? Booker is all about sentencing. The guilty plea would be irrelevant and the guilty plea did not incorporate a specific quantity sufficient to make all the decisions about whether there would be any potential enhancements applied. What do you mean enhancement? Here, the most you can get is what we call a limited amyline remand because the judge said, if I was sentencing her today under discretionary authority I have post-Booker, a very different sentence would have been fashioned than the one I imposed at the time. So, at the most, you get a limited amyline remand saying, Judge, do you want to impose a different sentence now? I don't think so because amyline is if there's no objection. So, what happened when I raised the Booker issue on the resentencing, I was saying that don't reimpose the sentence. I was making an objection. So, if there was a Booker objection, then it's not amyline. I think it's under Griffin and Booker itself, it's per se. But we've also held that if you get an amyline remand without making an objection, you should get an amyline remand if you made the objection at least, right? Okay. Yeah. But what remedy do you want us to fashion in this case? It's a real simple one. All we're saying is that the procedure for once there was a finding that there should have been, that there was a miscarriage of justice or whatever reason for amending the supervised release, once there was that finding, the first step in the statute was to vacate the sentence. Since there was no vacating of the judgment, that was error, and so it should be vacated and it should be resentenced. Now, when the court decides whether to resentence, then I believe that under Handa and Matthews, the court should consider all factors because of the impediments to a correction in terms of recapitulating or reiterating what is now known to be an error in both the mandatory guidelines under Booker and under Tucker because we now know that the statements are not correct and also, I believe, the Sixth Amendment and Santabello issues as far as the failure of consideration and the lack of the judgment. So you want us to vacate and remand for a full resentencing. Is that what you want? On this part, yes. Okay. And, of course, part of the main interest aside from that is the fact that during the litigation of this, a number of factors came out that I think are very important, which I hope the court will consider, including the statements about when, in terms of the reliability of the BOP determinations, and they were saying they didn't have sufficient funds, et cetera, when we now have testimony that it was all happening in a very short period of time, that there were no studies conducted, especially direct the court to the testimony of Judith Garrett, who testified that there were no studies about boot camp except the 1996 Lewisburg one, which is before the Sentencing Reduction Program even went into effect, and that's on page 667 of the executive record, and that these inconsistencies about the time factors also provide the court for alternative grounds for providing relief. And I'll reserve many time with the court's permission. May it please the court, Kelly Zusman, appearing on behalf of the United States. At one point that I want to make absolutely clear, and that is because this case comes to this court as kind of out of a procedural quagmire, and that's this. This is not a direct appeal from a sentence, nor is it even a direct appeal from the denial of a 2255 motion. This is a direct appeal from the denial of a motion to set aside a judgment, closing a habeas corpus case, and the only basis upon which Ms. Serrato moved for relief from judgment was under Rule 60b-3, and under Rule 60b-3 she had to convince Judge Brown that there was a mistake of constitutional magnitude that the court relied upon when it sentenced her. Booker does not apply. Ms. Serrato's conviction was final in 2003. Booker wasn't the problem that was the purported problem of constitutional magnitude, but the first step is whether there was, in fact, such a problem. And I understand correctly, and I confess it regularly happens, I've got two different cases I'm thinking about, and I'm trying to unwind the facts for which is which, so let me make certain I've got the right one in mind here. In this case, she was told, including at the plea colloquy, that the maximum period of supervised release was four years. That's correct. And when she was sentenced, she was actually sentenced to a period of supervised release of five years because there had been a misunderstanding of the first step. Isn't that itself a constitutional problem? Not under the Supreme Court's decision in Timrick. It was a Rule 11 violation, not cognizable under 2255, and also it was never raised in her Rule 60b motion, so it was waived. It was raised in the first instance by the government. When I got the case from the prosecutor, I noticed that there was this error under Rule 11 during the plea colloquy. And out of a sense of fundamental fairness, since we were before the court anyway, all about the boot camp closure and whether or not that justified a reduction in sentence, I raised for the court that the United States would not object if the court were to correct the judgment and fix the supervised release term. At four years instead of five. Correct. And Judge Brown accepted that invitation and did so. But then we get into the issue of the resentencing and whether or not somehow that supervised release term violation somehow justifies a resentencing. We argued to Judge Brown that it did not give her discretion to completely reopen resentencing. And Judge Brown rejected that. And I would call the court's attention to Judge Brown's opinion, and it's at the excerpt of record at 732. Judge Brown holds that she has jurisdiction to consider defendant's motion for relief from judgment. And then she goes on to say that in the exercise of her discretion, she declines to make any other sentencing adjustments. She has already exercised her discretion in this case. Therefore, even if you were to hold that, yes, the door was thrown open and the court should exercise discretion, she's already done it. It's in the record. And so, therefore, there would be nothing to be gained from a remand. Judge Brown has made her sentence. She has reconsidered the sentence in light of all of the factors that Ms. Serrato brought to her attention relative to the boot camp program and its closure and when did the Bureau know. And we established that. And all of that has been settled. So then we're left with is the fact that the government pointed out that there was an error in the supervised release term. Does that then mandate that Judge Brown vacate the entire sentence that she imposed originally in 2003 and completely resentence under Booker? And, again, this is 2255. This court held in the United States versus Cruz that Booker does not apply to convictions that became final prior to the date Booker was decided. This conviction was final for about a year and a half prior to the Supreme Court's issuance of Booker. So, therefore, there is nothing left to do on remand. I think Judge Brown has answered the question. She's answered it comprehensively. And there's simply no relief left. So unless the Court has any further questions, I will submit. Thank you. Okay. How much of the supervised release has Serrato done? She started, I think, in July of this year. Your Honor, on the Rule 60 motion, it was a Rule 60B motion. Pages 405 and 504 and 505 sets out that all the components of Rule 60 were being invoked. In Timerick, it was a Rule 11 case. The Rule 11 codifies, and our reply brief demonstrates, I believe, that those are completely parallel with the constitutional protections of notice and advice. To answer what counsel pointed out, Judge Brown has already exercised her discretion, which she may or may not have. But in any case, I suppose she does. And she says she will not make any change other than to reduce the supervised release from five years to four years. I think that's the difference between exercising the discretion based on the equitable powers that she had and a full resentencing. A full resentencing under the Andrews Supreme Court case that we cite on page 37 of our opening brief, I believe that you have to have allocution, of course, if there's going to be a resentencing. I think, Judge Bea, I think you referred to her statements at the outset, which is if I knew what I knew now, I would have done something different. I think we can take her word for that, that, in fact, if there was a full resentencing, with all the facts now known, that she may well have. You think that she has a different discretionary scope on a full resentencing than she exercised earlier? Yes. And unless there are other questions, thank you. Both of you for your argument. The case just argued is submitted.
judges: Farris, Clifton, Bea